Citation Nr: 1714093 
Decision Date: 04/28/17 Archive Date: 05/05/17

DOCKET NO. 10-22 746 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Detroit, Michigan


THE ISSUES

1. Entitlement to service connection for sleep apnea.

2. Entitlement to service connection for a right foot disorder other than gout.


REPRESENTATION

Appellant represented by: The American Legion


WITNESS AT HEARING ON APPEAL

Appellant


ATTORNEY FOR THE BOARD

B. Cannon, Associate Counsel


INTRODUCTION

The Veteran served on active duty in the United States Army from May 1984 to September 1992, from August 1999 to April 2000, from February 2001 to October 2001, from February 2003 to April 2004, and from August 2010 to December 2011. He was honorably discharged. 

This case comes before the Board of Veterans' Appeals (Board) on appeal from a June 2009 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Detroit, Michigan.

In September 2015 the Veteran appeared before the undersigned via video conference hearing. A transcript of that hearing is of record. 

In November 2015, the Board remanded the claims to obtain medical opinions regarding the nature and etiology of the Veteran's sleep apnea, right foot disorder other than gout, and skin disorder. In a July 2016 rating decision, the RO granted service connection for the Veteran's skin disorder. 

The claim has now been returned to the Board for review. Upon reviewing the development since November 2015, the Board finds there has been substantial compliance with its remand instructions. See D'Aries v. Peake, 22 Vet. App. 97, 105 (2008) (finding that "only substantial compliance with the terms of the Board's engagement letter would be required, not strict compliance"); Stegall v. West, 11 Vet. App. 268, 271 (1998) (finding that a remand by the Board confers on the appellant the right to compliance with the remand orders). 

The issue of entitlement to service connection for a right foot disorder other than gout is addressed in the REMAND portion of the decision below and is REMANDED to the RO.


FINDING OF FACT

The Veteran has provided sufficient evidence to support a current diagnosis of sleep apnea, in-service onset, and a nexus between the two. 


CONCLUSION OF LAW

The criteria for service connection for sleep apnea have been met. 38 U.S.C.A. §§ 1110, 1131, 5107 (West 2014); 38 C.F.R. § 3.303 (2016).


REASONS AND BASES FOR FINDING AND CONCLUSION

I. Duties to Notify and Assist

The Veterans Claims Assistance Act of 2000 (VCAA) describes VA's duties to notify and assist claimants in substantiating a claim for VA benefits. 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5106, 5107, 5126; 38 C.F.R. §§ 3.102, 3.156(a), 3.159, 3.326(a). The VCAA applies in the instant case.

Upon receipt of a complete or substantially complete application for benefits, VA is required to notify the claimant and his or her representative, if any, of any information, and any medical or lay evidence, that is necessary to substantiate the claim. 38 U.S.C.A. § 5103(a); 38 C.F.R. § 3.159(b); Quartuccio v. Principi, 16 Vet. App. 183 (2002). Proper VCAA notice must inform the claimant of any information and evidence not of record (1) that is necessary to substantiate the claim; (2) that VA will seek to provide; and (3) that the claimant is expected to provide. 38 C.F.R. § 3.159(b)(1). VCAA notice should be provided to a claimant before the initial unfavorable RO decision on a claim. Pelegrini v. Principi, 18 Vet. App. 112 (2004).

By correspondence, including that dated November 2008 and December 2008, the Veteran was informed of the evidence and information necessary to substantiate the service connection claims, the information required of the Veteran to enable VA to obtain evidence in support of the claims, the assistance that VA would provide to obtain evidence and information in support of the claims, and the evidence that should be submitted if there was no desire for VA to obtain such evidence. This notice was completed prior to the initial RO adjudication of the claims. The duty to notify has been met. 

The Veteran's service treatment records are associated with the claims file, as are VA and private medical records. The Veteran has not referenced any other pertinent, obtainable evidence that remains outstanding. Further, the VA medical examination and opinions are adequate, as they are predicated on a substantial review of the record and medical findings, and consider the Veteran's complaints and symptoms. 38 C.F.R. § 3.159(c)(4); Stefl v. Nicholson, 21 Vet. App. 120, 124 (2007). Accordingly, the Board finds VA's duty to assist has been met. 38 C.F.R. § 3.159(c)(4).

II. Service Connection

Service connection will be granted if the evidence demonstrates that a current disability resulted from an injury or disease incurred in or aggravated by active military service, even if the disability was initially diagnosed after service. 38 U.S.C.A. §§ 1110, 1131; 38 C.F.R. § 3.303(a). Establishing service connection generally requires (1) medical evidence of a current disability; (2) medical or, in certain circumstances, lay evidence of in-service incurrence or aggravation of a disease or injury; and (3) medical evidence of a nexus between the claimed in-service disease or injury and the present disability. Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004). Service connection may be granted for any disease initially diagnosed after service when all the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303(d).

When there is an approximate balance of positive and negative evidence regarding the merits of an issue material to the determination of the matter, the benefit of the doubt in resolving each such issue shall be given to the claimant. 38 U.S.C.A. § 5107(b); 38 C.F.R. § 3.102. When all of the evidence is assembled, VA is responsible for determining whether the evidence supports the claim or is in relative equipoise, with the Veteran prevailing in either event, or whether a fair preponderance of the evidence is against the claim, in which case the claim is denied. Gilbert v. Derwinski, 1 Vet. App. 49 (1990).

Two medical opinions of record indicate that the Veteran has been diagnosed with sleep apnea and is currently being treated for this disorder. See February 2016 VA medical examination; Dr. H.'s May 2010 private medical opinion. The Veteran has testified that he was exposed to burn pits during his 2003 deployment to Iraq and that this exposure caused sleep apnea. See Dr. H.'s May 2010 private medical opinion. His wife has testified that her husband began to snore and have problems sleeping after his return from this deployment. October 2015 personal statement. These pieces of evidence are sufficient to establish the first two elements of service connection.

Dr. H.'s May 2010 private medical opinion provides a nexus between the Veteran's sleep apnea and service. Dr. H. notes that exposure to burn pits has been associated with an increased incidence of sleep apnea. Because of the Veteran's exposure to burn pits and the correlation between burn pit exposure and sleep apnea, Dr. H. concludes that it is at least as likely as not that the Veteran's sleep apnea is related to service. This medical opinion is probative because it is based on a review of the record, sufficient facts and data, and contains clear conclusions with supporting data connected with a reasoned medical explanation. Nieves-Rodriguez v. Peake, 22 Vet. App. 295, 301-02 (2008).

A February 2016 VA medical opinion indicates that there is no nexus between the Veteran's sleep apnea and service. This opinion does not address exposure to burn pits. The VA examiner's conclusion is based on the fact that there was no onset of sleep apnea during service and the Veteran did not seek treatment for sleep apnea during service. This medical opinion is inadequate, in that it does not consider the Veteran's arguments concerning burn pits. Dalton v. Nicholson, 21 Vet. App. 23, 39 (2007) (an examiner cannot base a medical opinion on the lack of evidence in-service treatment records while ignoring lay statements regarding symptomology). 

Even assuming the adequacy of the VA opinion, the evidence in favor of a nexus would still be in equipoise with the evidence against a nexus. A new VA medical examination that considers the Veteran's arguments about exposure to burn pits is unnecessary because even if a negative, well-grounded opinion was returned, the evidence would remain in equipoise, in which case the Veteran would prevail. Gilbert, 1 Vet. App. at 49. 


ORDER

Entitlement to service connection for sleep apnea is granted. 


REMAND

When VA undertakes to provide a VA examination or obtain a VA opinion, it must ensure that the examination or opinion is adequate. Barr v. Nicholson, 21 Vet. App. 303, 312 (2007). "A medical opinion is adequate when it is based upon consideration of the veteran's prior medical history and examinations and also describes the disability in sufficient detail so that the Board's evaluation of the claimed disability will be a fully informed one." Id. at 311 (internal citations and quotations omitted). In evaluating the probative value of medical opinion evidence, the Board may consider the following factors: (1) whether the testimony is based upon sufficient facts or data; (2) whether the testimony is the product of reliable principles and methods; and (3) whether the expert witness has applied the principles and methods reliably to the facts of the case. Nieves-Rodriguez, 22 Vet. App. at 302. Additionally, the medical opinion must provide the requisite degree of certainty for a medical nexus, which is whether it is at least as likely as not (a 50 percent or better probability) that the disorder was incurred during the veteran's service. See Bloom v. West, 12 Vet. App. 185, 187 (Vet. App. 1999) (holding that "using the term 'could,' without supporting data . . . is too speculative"). It is important that a medical examiner provide this information, because "[w]ithout a medical opinion that clearly addresses the relevant facts and medical science, the Board is left to rely on its own lay opinion, which it is forbidden from doing." Stefl, 21 Vet. App. at 124 (citing Colvin v. Derwinski, 1 Vet. App. 171, 175 (1991)).

With regard to the Veteran's ankle disorder, all three medical opinions of record are inadequate. The two private medical opinions are inadequate for failure to describe the Veteran's foot disability in sufficient detail. Dr. W.'s May 2010 opinion states that the Veteran's right foot condition is service-connected. A December 7, 2012, opinion states that the Veteran's right ankle pain is service-connected. Since the Veteran was granted service connection for gout on December 18, 2012, it is not clear as to whether the private examiners were referring to gout or the condition for which the Veteran now seeks service connection. 

The February 2016 VA medical examination regarding the Veteran's ankle disability reads as follows: "Veteran does not have any other foot condition other than history of gout. He does not have flare-ups of gout any more. But he feels stiff in his right great toe. Gout does not affect his ability to perform [his] daily day to day activities." 

The examiner's opening premise that the Veteran "does not have any other foot condition than history of gout" is incorrect. The Board notes that the Veteran is service-connected for: 1) gout; and 2) post-operative, right ankle fracture, medial malleolus, with loose body removal. The Veteran's service treatment records regularly mention localized osteoarthritis of the ankle, ankle pain, swelling of the ankles with blue discoloration, and a 1989 to remove bone chips. Private treatment records from February 2012 also indicate swelling. A November 2011 radiologic report describes bilateral ankle pain. Failure to consider this history means that the examination was not premised on sufficient facts, rendering the medical opinion inadequate. See Nieves-Rodriguez, 22 Vet. App. at 301-02. A new medical opinion is required. 

VA treatment records to September 2015 have been associated with the claims file. Therefore, the RO should obtain all relevant VA treatment records dated from September 2015 to the present before the remaining issues are decided on the merits. Bell v. Derwinski, 2 Vet. App. 611 (1992).

Accordingly, the case is REMANDED for the following action:

1. Associate with the claims folder all records of the Veteran's VA treatment from September 2015 to the present. If no records are available, the claims folder must indicate this fact. Any additional records identified by the Veteran during the course of the remand should also be obtained, following the receipt of any necessary authorizations from the Veteran, and associated with the claims file.

2. After obtaining any additional records to the extent possible, obtain medical opinions regarding the following:

a. Whether the Veteran has any current right foot disorder for which the Veteran is not already service-connected (the Veteran is already service-connected for (i) gout and (ii) post-operative, right ankle fracture, medial malleolus, with loose body removal); and

b. Whether it is at least as likely as not (a 50 percent or better probability) that any current right foot disorder for which the Veteran is not already service-connected was incurred in or aggravated by the Veteran's service. 

In rendering this opinion, the examiner should consider the Veteran's September 2015 hearing testimony, particularly pages 24-25, where the Veteran and his counsel discuss the foot disorder for which the Veteran is currently seeking service connection.

The examiner should provide a complete rationale for any opinions offered. If the examiner is unable to provide any requested opinion without resort to speculation, he or she should explain why this is so.

The need for an additional examination of the Veteran is left to the discretion of the examiner selected to write the addendum opinion. 

The claims file should be provided to the examiner in connection with the examination and the examiner should indicate that the Veteran's C-file (or e-folder) has been reviewed.

3. After the requested development has been completed, together with any additional development as may become necessary, readjudicate the Veteran's claim. If the benefit sought on appeal remains denied, issue to the Veteran and his representative a Supplemental Statement of the Case and give an opportunity to respond thereto.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court 


of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).




______________________________________________
Michael J. Skaltsounis 
Veterans Law Judge, Board of Veterans' Appeals




Department of Veterans Affairs